**TULSAIR BEECHCRAFT,
INC., Appellee,**

v.

**Paul POLIN, Appellant.**

**No. 73156.**

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 19, 1991.

MEMORANDUM OPINION

PATRICIA DOUGHERTY
MacGUIGAN, Judge:

This appeal arises from an order of the trial court denying Appellant Polin's (Appellant) motion to vacate the trial court's previous order requiring Appellant to appear and answer as to assets.

Appellee Tulsair Beechcraft, Inc. (Appellee) obtained a money judgment against Appellant in 1968. Appellee caused executions on that judgment to issue in 1973, 1978, 1983 and 1988 by filing a copy of the judgment in the office of the Court Clerk of Tulsa County. In March of 1988, Appellant was ordered by the trial court to appear at a hearing on assets at which time Appellant filed his motion to vacate the order on the grounds that Appellee's judgment was dormant and unenforceable. The trial court denied said motion, finding in pertinent part as follows:

That executions on Judgment were issued in 1978, 1983 and 1988 by the Clerk of this Court.

That execution on Judgment issued in 1983 was not filed in the office of the Tulsa County Clerk as provided by 12 Okla.Stat. 759 (as amended 1981)....

That the Judgment lien against the real property of [Appellant] has expired but may be refiled by taking a copy of the Judgment to the County Clerk's office and paying the file fee.

The Court further concluded, as a matter of law, that Appellee's failure to file the 1983 execution of judgment in the office of the Tulsa County Clerk did not render the judgment dormant and unenforceable. Therefore, Appellee could be ordered and directed to appear and answer as to assets.

Appellant contends that Appellee's judgment became dormant and unenforceable upon Appellee's failure to file a certified copy of the 1983 execution in the office of the Tulsa County Clerk, citing 12 O.S.1981 § 735 and § 759 as authority therefor. Section 735 provides that if "execution is not issued and filed ... as provided in Section 759 of this title" within five years

Frederick L. Boss, Jr., Tulsa, for appellant.

Malcom P. Hammond, Tulsa, for appellee.

after the date of such judgment, that judgment "shall become unenforceable and of no effect, and shall cease to operate as a lien on the real estate of the judgment debtor". This statute was amended in 1981 by substituting, inter alia, the reference to § 759 for the previously used phrase, "shall not be sued out".

Section § 759 provides, in pertinent part, as follows:

Filing and indexing of execution—Appraisement of property—Extension of judgment lien

A. When a general execution is issued and placed in the custody of a sheriff for levy, a certified copy of such execution shall be filed in the office of the county clerk of the county whose sheriff holds such execution and shall be indexed the same as judgments.

.    .    .    .    .

C. To extend a judgment lien beyond the initial or any subsequent statutory period, prior to the expiration of such period, a certified copy of a general execution thereon shall be filed and indexed in the same manner as judgments in the office of the county clerk in the county in which the judgment was rendered and in the office of the county clerk in each county in which the judgment was filed and the lien thereof is sought to be retained.

■ These statutes, when read together, mandate that from and after the 1981 amendment to § 735, a judgment remains in effect for five years from the date of rendition. At the end of the five-year period, such judgment becomes dormant and unenforceable unless the judgment creditor has execution issued as per the provisions of § 759. That is, a certified copy of a general execution upon the judgment must be filed and indexed in both the office of the court clerk in the county in which the judgment was rendered and in the office of the county clerk in each county in which the judgment previously has been filed.

Therefore, where—as here—a judgment is rendered by the District Court of Tulsa County, a certified copy of the general execution must be filed and indexed in the office of the County Clerk of Tulsa County even though the judgment creditor does not believe the judgment debtor has any real property situated in Tulsa County.[1] If such judgment is not enforced by execution as per the statute and within the statutory period, said judgment is deemed satisfied as a matter of law. *Ashur v. McCreery,* 150 Okl. 111, 300 P. 767 (1931); thereafter, said judgment is no longer enforceable. 12 O.S.1981 § 735.

■ Based on this Court's reading of the specific language of §§ 735 and 759, we find that Appellee's judgment had become dormant and unenforceable as a matter of law because of Appellee's failure to file a certified copy of its judgment in 1983 and 1988 in the office of the County clerk of Tulsa County. Therefore, the trial court erred in requiring Appellant to appear and answer as to assets. We further find error by the trial court not in its recognition that Appellee failed to so file its judgment as per § 759 but in allowing Appellee opportunity to file such judgment in the office of the county clerk after the fact.

Based on the above and foregoing, we find Appellee's judgment dormant and unenforceable; therefore, this matter is reversed and remanded with instructions for the trial court to enter an order granting Appellant's motion to vacate the order requiring him to appear and answer as to assets.

REVERSED AND REMANDED.

ADAMS, P.J., and BAILEY, J., concur.

1. See, Steven L. Barghols, *Judgment Enforcement Against Real And Personal Property: Prac-* *tical Considerations,* 61 O.B.J. 3402 (Dec. 29, 1990).