AMERICAN MORTGAGE AND
INVESTMENT COMPANY, a
corporation, Plaintiff,

v.

Joseph Price FALLIN, Jr., Appellant,

Betty Marie Fallin, et al., Defendants,

Dennis Joslin, as assignor of Federal Deposit Insurance Corporation, successor-in-interest to First National Bank and Trust Company of Oklahoma City;

Family Dental Center, Inc., Garnishee.

No. 80621.

Court of Appeals of Oklahoma,
Division No. 1.

March 1, 1994.

W. Davidson Pardue, Jr., Lawrence & Ellis, P.A., Oklahoma City, for appellant.

Marc Edwards, Melvin R. McVay, Phillips, McFall, McVay, McCaffrey & Murrah, Oklahoma City, for Dennis Joslin.

## MEMORANDUM OPINION

JONES, Presiding Judge:

In this case, Appellant Joseph Price Fallin, Jr. seeks to reverse the trial court's refusal to vacate an order requiring him to appear for a hearing on assets, and denial of his motion to declare a money judgment satisfied.

As stated by Fallin, the issue here is whether a judgment creditor is required to file a certified copy of the judgment with the county clerk of the county where the judgment is rendered before the judgment creditor may enforce the judgment in another county.

First National Bank and Trust Company of Oklahoma City obtained a judgment against Appellant and others in 1985. Subsequently, the FDIC succeeded to the bank's interest when the bank became insolvent. Within five years from the date the judgment was rendered, FDIC obtained issuance of general executions and garnishment summons in Delaware County, and filed certified copies of the executions with the county clerk there. The FDIC later sold the judgment to Appellee Dennis Joslin, who filed it in Oklahoma County and then procured an order for Fallin to appear for a hearing on assets. Fallin filed a motion to vacate the order for assets hearing, in which he also requested a declaration that the judgment was satisfied by operation of law. The trial court denied the motion, and Fallin perfected this appeal.

Fallin argues for reversal that, because the judgment itself was not recorded in the office of the county clerk in Delaware County within five years from the date it was rendered, the judgment was thereby rendered unenforceable as a matter of law. We disagree.

The particular statutes which resolve this issue are 12 O.S.1991 §§ 735 and 759. Section 735 provides:

> If execution is not issued and filed as provided in Section 759 of this title or a garnishment summons is not issued by the court clerk within five (5) years after the date of any judgment that is now or may hereafter be rendered in any court of record in this state, or if five (5) years has intervened between the date that the last execution on such judgment was filed or the date that the last garnishment summons was issued as provided by Section 759 of this title, and the date that writ of execution was filed or a garnishment summons was issued as also provided in Section 759 of this title, such judgment shall become unenforceable and of no effect, and

shall cease to operate as a lien on all real estate of the judgment debtor. * * *

Section 759 provides:

> [A.] When a general execution is issued and placed in the custody of a sheriff for levy, a certified copy of such execution shall be filed in the office of the county clerk of the county whose sheriff holds such execution and shall be indexed the same as judgments.
>
> \* \* \* \* \* \*
>
> [C.] To extend a judgment lien beyond the initial or any subsequent statutory period, prior to the expiration of such period, one of the following shall be filed and indexed in the same manner as judgments in the office of the county clerk in the county in which the judgment was rendered and in the office of the county clerk in each county in which the judgment was filed and the lien thereof is sought to be retained:
>
> 1. a certified copy of the general execution upon the judgment; or
> 2. a certified copy of a garnishment summons issued against the judgment debtor.

■ The clear wording of these statutes set up a two-tiered system for perpetuation of judgments and of judgment liens: In order to extend the effectiveness of a *judgment* beyond the initial five-year period after its rendition, either an execution must be issued and filed in the manner set forth in § 759, or garnishment summons must be issued, within that five-year period. 12 O.S.1991 § 735. Similarly, in order to extend the effectiveness of the *judgment* an additional five years, either of those methods must again be undertaken before the expiration of the current five-year period. *See Lawrence Systems, Inc. v. Superior Feeders, Inc.*, 837 P.2d 488, 489 (Okla.Ct.App.1992); *Tulsair Beechcraft, Inc. v. Polin*, 806 P.2d 1150, 1152 (Okla.Ct. App.1991).

■ A *judgment lien*, on the other hand, was formerly created by filing a certified copy of the judgment itself in the county clerk's office. 12 O.S.1981 § 706(A), *repealed*. (The latest iteration of § 706 requires filing of a "Statement of Judgment."

12 O.S.1993 Supp. § 706(A).) To extend a *judgment lien,* a certified copy of an execution or a garnishment summons must be filed in *all* counties where the judgment (now the Statement of Judgment) has been filed. 12 O.S.1991 § 759(C); *Tulsair Beechcraft, Inc. v. Polin,* 806 P.2d at 1152.

■ We find nothing in the authority cited by Fallin which would alter the result dictated by the clear wording of the statutes. In this case, *both* a general execution and garnishment summons issued within the initial five-year period after the judgment was rendered in Delaware County, and the general execution was filed in the county clerk's office there. Thus, Joslin complied with both of the alternative methods for perpetuating the judgment. The language from § 759(C) upon which Fallin relies to support his argument—mandating a filing of general execution or garnishment summons "in the office of the county clerk in each county in which the judgment was filed"—does not imply a legislative intent to require filing of the judgment itself in order to make it effective for another five years. The quoted language relates only to perpetuation of judgment liens, a matter which is not at issue here.[1]

The trial court correctly denied Fallin's attempt to vacate the order for an assets hearing and rejected his request to declare the judgment unenforceable. The trial court's order is therefore

AFFIRMED.

HANSEN and ADAMS, JJ., concur.

---

1. Fallin suggests that *Polin* supports his contention that the judgment itself must also be filed in the county clerk's office where the judgment was rendered before the judgment's effectiveness is extended. However, a close reading of *Polin,* in the context of the facts of that case, persuades us that the result there is fully consistent with the explicit wording of §§ 735 and 759. The judgment creditor in that case had filed its judgment, and thereby created and perpetuated its judgment lien, but neglected to file copies of the executions which issued after the 1981 amendment of § 735 (which added the reference to § 759, and thereby added an additional step to perpetuation of judgments). The court in *Polin* held that the judgment had become unenforceable for failure to comply with the amended statute.