**In re Theresa Ann GRETCHEN, Debtor.**

**Bankruptcy No. 95–10399.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 25, 1995.

W. David Bertsche, Jr., Cincinnati, OH, for debtor.

Terry Risner, Cincinnati, OH, for FMCC.

Margaret A. Burks, Chapter 13 Trustee, Cincinnati, OH.

## ORDER RE OBJECTION TO CONFIRMATION BY FORD MOTOR CREDIT COMPANY

BURTON PERLMAN, Bankruptcy Judge.

Creditor Ford Motor Credit Company ("FMCC") filed an objection to confirmation of debtor's Chapter 13 plan, alleging that it has a valid judgment lien on debtors' real property and that the plan improperly lists it as an unsecured creditor. Debtor disputes the validity of the lien.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(K) and (L).

In the objection of FMCC to confirmation, it asserts that it is owed $2,816.76 [sic], plus interest; that it has a lien interest in debtor's residence; and that debtor's budget indicates that debtor could pay creditors more than is provided in her plan. Debtor responded to the objection that the amount due creditor listed in her schedules was provided by creditor; that creditor's Certificate of Judgment had expired; and that debtor's income does not warrant a greater payment to creditors than proposed.

The case came on for confirmation hearing. We then confirmed the plan (with a slight upward revision in the monthly payments to the trustee). This action by the court resolved the issues raised by creditor's objection other than the question of the validity of creditor's Certificate of Judgment. We turn now to a resolution of that question.

Debtor filed a Chapter 13 petition on February 3, 1995. On Schedule F of the petition, debtor listed an unsecured debt to FMCC of $6,900.00. The debt arose from a loan entered into between debtor and FMCC on October 30, 1985 for debtor's purchase of a 1983 Plymouth Torismo. After debtor defaulted on the loan, FMCC obtained a judgment against debtor on March 13, 1989 for $2,816.74 plus 16.6% interest from July 24, 1986. The debt listed in the petition thus comprises in large part interest that has accumulated on the judgment. FMCC filed a proof of claim, designating its claim of $6,857.70 as secured. FMCC bases its secured claim on Certificate of Judgment for Lien upon Lands and Tenements filed on April 5, 1989 pursuant to its judgment against debtor, and a second Certificate of Judgment filed on June 24, 1994.

■ The issue before the court is whether FMCC's judgment lien is valid, thereby rendering FMCC a secured creditor for purposes of debtor's Chapter 13 plan. Debtor contends that the 1989 Certificate of Judgment expired by operation of law on April 5, 1994, before the second Certificate of Judgment was filed. Debtor says that, as a result, FMCC's judgment became dormant and its lien on debtor's real property is no longer valid.

■ Under Ohio law, a lien upon real estate of a judgment debtor is created immediately upon the filing of a certificate of judgment. Ohio. Rev.Code § 2329.02; *see also Tyler Refrigeration Equip. Co. v. Stonick,* 3 Ohio App.3d 167, 169, 444 N.E.2d 43, 45 (Ohio Ct.App.1981); *Feinstein v. Rogers,* 2 Ohio App.3d 96, 97–98, 440 N.E.2d 1207, 1209 (Ohio Ct.App.1981). Section 2329.07 of the Ohio Revised Code governs the dormancy of a judgment and validity of a judgment lien, and provides in relevant part as follows:

If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of judgment or within five years from the date of issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

FMCC does not dispute that its second Certificate of Judgment Lien was filed more than five years after the date the original Certificate of Judgment Lien was issued. It argues, however, that it collected on the judgment pursuant to garnishment, and that its act of collection during the five-year period prevented the judgment from becoming dormant.

■ Execution and dormancy statutes are to be strictly construed. *Roach v. Roach,* 164 Ohio St. 587, 590, 132 N.E.2d 742, 744 (Ohio 1956); *Wichita Fed. Sav. & Loan Ass'n v. North Rock Ltd. Partnership,* 13 Kan.App.2d 678, 779 P.2d 442, 446 (1989); *Chandler–Frates & Reitz v. Kostich,* 630 P.2d 1287, 1290 (Okla.1981). Section 2329.07 sets forth the only means in Ohio for preventing a judgment from becoming dormant. The clear language of the statute requires the issuance of execution or a certificate of

judgment before expiration of the original five-year period to prevent dormancy.[1] It does not except from that requirement judgments upon which collection has been undertaken.

Execution is defined in § 2327.01 of the Ohio Revised Code as "a process of a court, issued by its clerk, and directed to the sheriff of the county." Some Ohio courts have regarded a garnishment action and a proceeding in aid of execution as equivalent proceedings. *See, e.g., Bazzoli v. Larson,* 40 Ohio App. 321, 326, 178 N.E. 331, 333 (Ohio Ct. App.1931) (" 'proceeding in aid of execution' is in fact garnishment after judgment"). That a garnishment action may be deemed a proceeding in aid of execution does not avail FMCC, however, because FMCC has not provided any evidence that a writ of execution was issued as is required by § 2329.07. If a particular act of execution is to prevent a judgment from becoming dormant, "it must conform to the general rules pertaining to the issuance of such an execution." 62 Ohio Jur.3d *Judgments* § 151 (1985).

Although Ohio courts have not addressed whether collection on a judgment extends the dormancy period, courts in other jurisdictions with similar dormancy statutes have held that only the issuance of execution or a certificate of judgment, and not partial payments, extends the dormancy period. *See Dallas v. Dallas,* 236 Kan. 92, 689 P.2d 1184 (1984) (issuance of execution or garnishment, not partial payment on judgment, is the only method for tolling dormancy under statute); *First of Denver Mortgage Investors v. Riggs,* 692 P.2d 1358 (Okla.1984) (partial payment does not operate as execution for purposes of dormancy statute); *Chandler–Frates & Reitz v. Kostich,* 630 P.2d 1287 (Okla.1981) (garnishment proceedings and partial payment on judgment do not prevent judgment from becoming dormant in absence of writ of execution). *See also American Mortgage & Inv. Co. v. Fallin,* 872 P.2d 949 (Okla.Ct.App. 1994) (under dormancy statute requiring that execution or garnishment summons be issued

to effect judgment lien, either of those methods must again be undertaken before five-year period expires to extend effectiveness of judgment beyond initial period); *DeKalb Swine Breeders, Inc. v. Woolwine Supply Co.,* 248 Kan. 673, 809 P.2d 1223 (1991) (under statute requiring that execution, which may include order of garnishment, be issued to prevent judgment from becoming dormant, notice of garnishment on judgment debtor does not extend time limit for dormancy; five-year period commences from date execution is issued, not date execution or garnishment is completed). *Cf. First Nat'l Bank v. Daggett,* 242 Neb. 734, 497 N.W.2d 358 (1993) (judgment did not become dormant because creditor did not permit five years to lapse between time executions were issued).

Section 2329.07 provides that in order to extend the effectiveness of a judgment beyond the initial five-year period there must be either execution or the issuance of a new certificate of judgment before expiration of the original execution or certificate of judgment. FMCC has cited no authority that would change the result dictated by the clear language of the statute. Accordingly, we hold that the judgment of FMCC has become dormant and that its judgment lien is no longer valid. The objection of FMCC to confirmation is overruled. Its claim is allowed only as unsecured.

So Ordered.

---

**1.** A judgment creditor may obtain a lien on a debtor's personal property by serving a notice of garnishment on the debtor or someone who possesses the debtor's property, such as an employer who owes wages to the debtor. *Yardas v. United States,* 899 F.2d 550 (6th Cir.1990). To extend a lien upon lands and tenements pursuant to § 2329.07, however, the creditor must effect issuance of execution or a certificate of judgment.