FEINSTEIN, APPELLEE, *v.* ROGERS, APPELLANT; BANCOHIO ET AL., APPELLEES.

(No. 80AP-964—Decided May 14, 1981.)

*Messrs. Riley, Ucker & Lavinsky, Mr. Timothy J. Ucker* and *Mr. Richard A. Lavinsky,* for plaintiff-appellee.

*Mr. John A. Yaklevich,* for defendant-appellant.

*Mr. James D. MacAulay,* for defendant-appellee Park Federal S. & L. Assn.

*Mr. Roland T. Gilbert,* for defendant-appellee BancOhio Natl. Bank.

*Mr. Michael Miller,* prosecuting attorney, *Mr. Keith Henry* and *Mr. Harry Lewis,* for defendants-appellees, Dana Rinehart, Franklin County Treasurer, and Thomas J. Enright, Franklin County Clerk of Courts.

McCORMAC, J. Plaintiff-appellee filed a foreclosure action to sell real estate owned by defendant-appellant and located in Franklin County, Ohio, for the purpose of satisfying a judgment lien resulting from a money judgment against defendant-appellant, after which a certificate of judgment was filed pursuant to R.C. 2329.02. Defendant-appellant Carol Rogers answered, admitting that she was the owner of the real property described in the complaint and denying all other allegations.

A motion for summary judgment was filed on behalf of plaintiff-appellee, supported by affidavits and documents. The trial court granted summary judgment and Carol Rogers has appealed, setting forth the following assignment of error:

"The trial court erred in ruling that plaintiff-appellee was entitled to summary judgment as a matter of law, and in thereby ruling that he was entitled to enforce his judgment for the payment of money other than as provided by law and as required by Ohio Rul. Civ. P. 69."

There are no disputed facts. The question is strictly a matter of law.

On May 18, 1979, plaintiff-appellee obtained a judgment against defendant-appellant in the amount of $5,513.75 in the Court of Common Pleas of Franklin County. On the same day, plaintiff-appellee caused a certificate of judgment to be filed in the office of the Clerk of the Court of Common Pleas of Franklin County pursuant to R.C. 2329.02. The certificate of judgment is recorded at Judgment Docket Volume 203, page 105371. A writ of execution has not been issued on the judgment. However, on August 8, 1980, plaintiff-appellee commenced this action to foreclose the lien created by the filing of the certificate of judgment on specifically described real estate owned by defendant-appellant, Carol Rogers, joining all parties necessary to foreclose the lien.

On October 28, 1980, plaintiff-appellee filed a motion for summary judg-ment, properly proving the facts previously outlined. At that time, defendant-appellant raised for the first time the fact that plaintiff-appellee had not issued a writ of execution.

The trial court granted the motion for summary judgment.

R.C. 2329.02 provides, as pertinent, as follows:

"Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date or rendition of the judgment, and the volume and page of the journal entry thereof."

The issue is whether the judgment lien acquired by plaintiff-appellee when he filed the certificate of judgment in the office of the clerk of the court of common pleas may provide the basis for foreclosure and sale of Rogers' real estate in Franklin County.

Plaintiff-appellee foreclosed pursuant to R.C. 2323.07, which provides, as pertinent, as follows:

"When a mortgage is foreclosed or a specific lien enforced, a sale of the property shall be ordered."

Defendant-appellant argues that the lien which arose from the filing of the certificate of judgment in the office of the Clerk of the Court of Common Pleas of Franklin County was a general rather than a specific lien upon her real estate and thus, R.C. 2323.07 has no application. That contention is not well taken. The lien acquired by filing a certificate of judg-

ment in accordance with R.C. 2329.02 is a statutory lien which is effective from the date of filing on all real estate located in the county. *Maddox* v. *Astro Investments* (1975), 45 Ohio App. 2d 203 [74 O.O.2d 312]. The statutory lien acquired thereby attaches without specifically identifying the lands to which it applies. Attempts to amend R.C. 2329.02 to require real estate to be described specifically before a lien attaches have been rejected by the General Assembly. See Judgment Liens in Ohio, 16 Ohio St. L. J. 1, at page 16. It has been stated that, "* * * [a] specific, special, or particular lien is a charge upon a particular piece of property by which it is held for the payment or discharge of a particular debt or duty, in priority to the general debts or duties of the owner." 51 American Jurisprudence 2d 146, Liens, Section 5. A specific lien is one that becomes a charge upon ascertainable lands and tenements of the debtor, thus establishing its priority as against other mortgage or lien holders whose liens attach subsequent thereto. R.C. 2329.02 makes judgment liens specific liens at the time of filing of the certificate of judgment.

R.C. 2329.02 is intended to create a specific lien upon the lands and tenements of the judgment debtor within the county at the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of judgment. The lien applies specifically to all such property identified as belonging to the debtor at the time of the filing of the certificate and may be enforced as a specific lien pursuant to R.C. 2323.07 by a foreclosure action.

Defendant-appellant further argues that the only process that plaintiff may use to enforce his money judgment is a writ of execution, relying upon Civ. R. 69, entitled "Execution," which states, in relevant part, as follows:

"Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs other-

wise. The procedure on execution, * * * shall be as provided by law. * * *"

Defendant-appellant then argues that the "procedure" referred to in Civ. R. 69 is the procedure set forth in R.C. Chapter 2329. R.C. Chapter 2329, which provides a method for securing execution against the property of a judgment debtor, requires that a writ of execution first be directed against the goods and chattels of the debtor and, if no goods or chattels can be found, then against the lands and tenements of the debtor. (R.C. 2329.09.) Defendant-appellant's argument that R.C. Chapter 2329 provides the exclusive means of securing execution against the property of a judgment debtor is without merit.

The Revised Code provides two alternative methods of enforcing a judgment. The first method is to foreclose directly upon the real property of the debtor located in the county where the certificate of judgment is filed based upon the specific lien thereby acquired and R.C. 2323.07. The second method is to levy execution upon the property of the debtor pursuant to R.C. Chapter 2329. Neither method is intended to be exclusive.

Civ. R. 69 was adopted by the Ohio Supreme Court, pursuant to Section 5(B), Article IV of the Ohio Constitution, which Section limits the Civil Rules to ones that do not "abridge, enlarge, or modify any substantive right." Civ. R. 69 may not constitutionally eliminate the substantive right of a creditor pursuant to R.C. 2323.07 to enforce a specific lien created by the filing of a certificate of judgment by the sale of real property of the debtor within the county. That right is an important substantive one not affected by the adoption of the Civil Rules. It appears that Civ. R. 69 is intended to refer to procedure for execution rather than to eliminate the substantive right of a creditor to order the sale of property to enforce a specific lien.

Defendant-appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and NORRIS, JJ., concur.