**STANDARD HARDWARE AND SUPPLY COMPANY, Appellant,**

v.

**BOLEN et al., Appellees.**

[Cite as *Std. Hardware & Supply Co. v. Bolen* (1996), 115 Ohio App.3d 579.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 96CA12.

Decided Nov. 12, 1996.

*Michael A. Brame,* for appellant.

*Michael Nolan,* for appellees Ralph McBride, Betty McBride, and Citizens Bank of Logan, Ohio.

KLINE, Judge.

Standard Hardware and Supply Company ("Standard") appeals from the grant of summary judgment to Ralph McBride, Betty McBride, and Citizens Bank of Logan ("bank") on Standard's foreclosure action. On appeal, Standard contends that the Hocking County Court of Common Pleas erred in holding that a correctly filed judgment lien is void if the judgment is improperly indexed. We agree with Standard. Accordingly, the judgment of the trial court is reversed and remanded.

I

In 1990, the Vinton County Court of Common Pleas awarded Standard a judgment against Richard Bolen in the amount of $5,208.45 plus interest. Standard filed a certificate of this judgment with the Hocking County Clerk of Courts in 1991. The filing of the certificate of judgment created a lien on properties owned by Richard Bolen in Hocking County. See R.C. 2329.02. However, the Hocking County Clerk of Courts improperly indexed the judgment under the name Richard Bolan.

Richard Bolen and his wife, Brenda Bolen, owned a one-hundred-thirty-acre parcel in Hocking County at the time of the filing of the Standard judgment. In 1993, Richard and Brenda Bolen conveyed this piece of property to Ralph and Betty McBride. The McBrides then granted a mortgage to the bank. The deed and mortgage were properly recorded. The McBrides and the bank were unaware of the Standard judgment lien.

Standard initiated a foreclosure action naming the Bolens, the McBrides, and the bank in 1994. Standard also named the Hocking County Treasurer as a

defendant in the event that there were delinquent property taxes. The McBrides and the bank filed a cross-claim against the Bolens. The McBrides and the bank then moved for summary judgment on Standard's claim. Standard also filed a motion for summary judgment on its claim. Both of these motions for summary judgment concerned Standard's misindexed judgment lien and its effect on the McBrides' and the bank's interests in the property. The parties had difficulty effectuating service on the Bolens, but service was eventually obtained after the aforementioned motions for summary judgment were filed.

The trial court initially granted summary judgment to the McBrides and the bank, but did not resolve the claims against the Bolens. An appeal was taken, and we dismissed for lack of a final appealable order. On remand, the trial court again granted summary judgment to the McBrides and the bank and did not resolve the claims against the Bolens, but found there was no just reason for delay. Standard now appeals and asserts that "the trial court erred in holding that an improperly indexed lien is not superior to a later lien or conveyance."

## II

Summary judgment is appropriate when the following factors have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411, 599 N.E.2d 786, 787–788. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley*, 75 Ohio App.3d at 411–412, 599 N.E.2d at 787–788. See, also, *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11–12.

In its lone assignment of error, Standard contends that the trial court erred in holding that an improperly indexed judgment lien is essentially void. We agree.

R.C. 2329.02 provides:

"Any judgment * * * rendered by any court of general jurisdiction * * * shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the

names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, and the date of rendition of the judgment, and the volume and page of the journal entry thereof."

■ Therefore, a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts. *Tyler Refrig. Equip. Co. v. Stonick* (1981), 3 Ohio App.3d 167, 169, 3 OBR 192, 193, 444 N.E.2d 43, 45–46; *Maddox v. Astro Investments* (1975), 45 Ohio App.2d 203, 205–207, 343 N.E.2d 133, 135–136. See, also, *Wayne Bldg. & Loan Co. v. Yarborough* (1967), 11 Ohio St.2d 195, 217, 40 O.O.2d 182, 196, 228 N.E.2d 841, 856. Here, Standard filed a certificate of the Vinton County judgment against Richard Bolen with the Hocking County Clerk of Courts. Thus, Standard possessed a lien on Bolen's property in Hocking County.

■■ The clerk of courts is required to docket and index judgments after a proper certificate has been filed. R.C. 2329.02. Here, the clerk misindexed Standard's judgment by listing the judgment debtor as Richard Bol*a*n instead of Richard Bol*e*n. However, misindexing, or even failure to index, does not affect the validity of a judgment lien because a lien becomes valid when the certificate is filed. *Green v. Garrington* (1866), 16 Ohio St. 548; *Tyler Refrig. Equip. Co. v. Stonick, supra; Maddox v. Astro Investments, supra.* Therefore, the Hocking County Clerk of Courts' apparent error does not affect the validity of Standard's lien.[1] Standard's lien is valid against the McBrides' property and is superior to the bank's lien. Unfortunately, the McBrides and the bank are innocent victims.

■ The McBrides and the bank attempt to avoid this outcome by focusing on whether they had actual notice of the lien rather than on whether Standard's lien was valid. However, the act of filing is constructive notice to all parties of the existence of the lien. Whether a purchaser had actual notice is relevant only if the lien was either not filed or improperly filed. The McBrides and bank's error is best illustrated by a case they cite, *Natl. Packaging Corp. v. Belmont* (1988), 47 Ohio App.3d 86, 547 N.E.2d 373. In *Belmont,* the root of the confusion was a strikingly similar misspelling to that here, but in reverse: Bol*a*n was misspelled as Bol*e*n. However, the creditor in *Belmont* was the one who erred rather than the clerk of courts.

In *Belmont,* the creditor filed a certificate with the debtor listed as Bol*e*n instead of Bol*a*n. Therefore, a lien arose and constructive notice of the lien was provided on all properties in that county owned by Bol*e*n, but not for properties

---

1. We note that the question of whether the Hocking County Clerk of Courts may be held liable for this alleged error is not before this court, and we express no opinion on the matter.

owned by Bolan. The court found that a purchaser of Bolan's property was not bound by the creditor's filing because the creditor had no lien on Bolan's property. However, whether the purchaser had actual notice of the creditor's lien was relevant because the creditor's lien was improperly filed. The court therefore addressed whether the purchaser had actual notice of the creditor's lien through the doctrine of idem sonans—the "sounds like" doctrine—and found that idem sonans did not apply. *Id.,* 47 Ohio App.3d at 89, 547 N.E.2d at 375–376.

Here, Standard correctly filed a certificate listing Bolen as the debtor. The filing was constructive notice to all third parties of Standard's interest. Standard therefore had a lien on all properties owned by Bolen. Whether the McBrides or the bank had actual notice of the correctly filed lien is irrelevant for determining whether Standard's lien is valid and has priority. We have no doubt that this outcome appears harsh to the McBrides and the bank because they apparently searched for and found no lien. However, filing is the final act necessary for making liens, as well as mortgages, effective against third parties. If we were to find liens and mortgages were not valid until indexed as the McBrides and the Bank essentially propose, mortgagors or creditors could find their seemingly valid liens on property voided by the negligence of the clerk or recorder. This is not the system Ohio has chosen. Accordingly, the judgment of the trial court is reversed, and the cause is remanded. Standard has a valid lien on the McBrides' property that is superior to the bank's mortgage.

*Judgment reversed*
*and cause remanded.*

STEPHENSON and HARSHA, JJ., concur.