This is an appeal from an Athens County Common Pleas Court summary judgment in favor of the State of Ohio, Department of Taxation, plaintiff below and appellee herein.
DCS Industries, Inc. ("DCS"), defendant below and appellant herein, raises the following assignment of error for review:
 "A TRIAL COURT IMPROPERLY GRANTS SUMMARY JUDGMENT WHEN THERE HAS BEEN A FAILURE TO COMPLY WITH CIVIL RULE 56(C)."
Our review of the record reveals the following facts pertinent to the instant appeal. On October 15, 1991, the Athens County Common Pleas Court entered judgment in appellee's favor and against Lyle Lawrence (dba Discount Computer Supply DC Computer) in the amount of $46,890.59. On October 15, 1991, appellee filed a certificate of judgment with the Clerk of the Athens County Common Pleas Court.
On October 16, 1991, Lawrence quitclaimed real estate at 5265 Hebbardsville Road to appellant. On October 24, 1991, the quitclaim deed was filed.
On March 13, 1997, appellee filed a complaint against appellant. In its complaint, appellee alleged that appellant's predecessor in interest of real estate located at 5265 Hebbardsville Road, Lyle Lawrence, owed appellee pursuant to a certificate of judgment on file with the Athens County Common Pleas Court. Appellee further asserted that Lawrence's debt encumbered the interest Lawrence sold to appellant. Appellee thus argued that appellant was liable to appellee for the unpaid judgment.
On November 5, 1997, appellee filed an amended separate complaint for a marshaling of liens.
On February 17, 1998, appellee filed a motion for summary judgment. In its motion, appellee asserted that no genuine issues of material fact remained regarding whether appellee had a valid judgment lien against appellant. Appellee asserted that the lien attached to 5265 Hebbardsville Road on October 15, 1991, when appellee filed the certificate of judgment. Appellee noted that Lyle Lawrence received title to the property on August 27, 1990 and that he did not relinquish title to the property prior to the attachment of the judgment lien. Thus, appellee claimed that when appellant took title to the Hebbardsville Road property, it took title with notice of the judgment lien. Appellee thus asserted that appellant took the property subject to the judgment lien.
On May 28, 1998, the trial court granted appellee's motion for summary judgment. The trial court reasoned that appellee had demonstrated the absence of a material fact as to whether appellee possessed a valid judgment lien against appellant. The court recognized that "[a] judgment lien attaches to the interest of the debtor and is effective as against a subsequent purchaser who has actual or constructive notice of the lien." 2 Ohio Real Property Law and Practice (1997) Ed.) 68, Section 18:18(D). The court further noted that a transferee of real property "is deemed to have constructive notice of all judgment liens filed pursuant to law." Thus, the trial court concluded that: (1) appellee filed a judgment lien against Lawrence in accordance with the law; (2) Lawrence transferred the property to appellant; (3) appellant had constructive notice of the judgment lien; and (4) appellee's lien is valid against appellant. Appellant filed a timely notice of appeal.
In its sole assignment of error, appellant contends that the trial court erred by granting appellee's motion for summary judgment. Appellant asserts that a genuine issue of material fact remains as to whether appellant is liable for the unpaid judgment. Appellant argues that the following statement at the hearing regarding appellee's motion for summary judgment demonstrates that a material issue of fact remains:
 "The sales tax license wasn't in my name. I have the complete audit materials where they transferred it to my name. It's signed by Douglas Myers of the sales tax department. There could be no judgment against me. There was no such company existed. I have the entire handwritten, signed, dated, audit sheet where he transfers Richard Mendenhall's sales tax liability to my name, signs it and dates it. I can get the original license. I can get the letters they sent Mr. Mendenhall demanding payment of his tax liability. And when they couldn't collect it from Richard Mendenhall, they transferred the license to me. * * *."
Appellant further contends that the trial court erroneously considered materials attached to appellee's motion for summary judgment. Appellant asserts that the materials did not comply with Civ.R. 56(C).
Appellee contends that the trial court properly entered summary judgment in its favor. Appellee argues that it demonstrated that it had a valid judgment lien against Lawrence prior to Lawrence's conveyance of the real estate to appellant. Appellee asserts that Lawrence's conveyance to appellant did not terminate appellee's lien interest.[1]
When reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts ade novo review. Village of Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 N.E.2d 786, 788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273.,supra; Jackson v. Alert Fire Safety Equip., Inc. (1991),58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
In the case at bar, we agree with the trial court's conclusion that appellee sufficiently apprised that court that no genuine issue of material fact remained for trial, and that appellant failed to set forth specific facts demonstrating the existence of a material fact.
We initially note that appellant has waived any error with respect to the materials appellee submitted in support of its motion for summary judgment. As the trial court noted, appellant failed to object to the materials attached to appellee's motion for summary judgment.[2] It is well-settled that "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." Stegawski v.Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 83,523 N.E.2d 902, 907-08; see, also, Steinke v. AllstateInsurance Co. (1993), 86 Ohio App.3d 798, 621 N.E.2d 1275;Cowen v. Lucas (June 30, 1997), Scioto App. No. 96 CA 2456, unreported.
It is well-established that "a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts." Standard Hardware Supply Co. v. Bolen (1996), 115 Ohio App.3d 579, 582,685 N.E.2d 1264, 1266 (citing Tyler Refrig. Equip. Co. v. Stonick
(1981), 3 Ohio App.3d 167, 169, 444 N.E.2d 43; Maddox v. AstroInvestments (1975), 45 Ohio App.2d 203, 205-207,343 N.E.2d 133; Wayne Bldg. Loan Co. v. Yarborough (1967),11 Ohio St.2d 195, 217, 228 N.E.2d 841); see R.C.2329.02.[3] It is also well-settled that "the act of filing is constructive notice to all parties of the existence of the lien. Whether a purchaser had actual notice is relevant only if the lien was either not filed or improperly filed." Id.
In the case at bar, appellee demonstrated that it possessed a valid judgment lien against Lawrence as of October 15, 1991. Pursuant to well-settled law, appellant took title to Lawrence's real estate subject to the judgment lien. See 2 Ohio Real Property Law and Practice, supra (stating that "[a] judgment lien attaches to the interest of the debtor and is effective as against a subsequent purchaser who has actual or constructive notice of the lien"). Thus, appellee properly could seek to enforce the judgment lien against appellant.
Appellant did not submit any Civ.R. 56 evidence to the trial court to contest the validity of the judgment lien. Appellant merely argued that the underlying judgment was not valid. As appellee notes, however, a collateral attack upon the validity of the underlying judgment is not proper in a proceeding to enforce the judgment lien. See Upper Arlington v. Brewster
(Jan. 20, 1998), Franklin App. No. 97APE08-1003, unreported (citing Tari v. State (1927), 117 Ohio St. 481, 159 N.E. 594;State v. Sandlin (1983), 11 Ohio App.3d 84, 463 N.E.2d 85).
In his first assignment of error, appellant further argues that the trial court erred by denying its request for a continuance. Appellant contends that a continuance would have would have given it time to gather materials in opposition to the motion. We believe, however, that the trial court properly denied appellant's request for a continuance.
Pursuant to Civ.R. 56(F), a trial court may grant a continuance to a party opposing a motion for summary judgment. The rule provides:
 Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.
A party seeking a Civ.R. 56(F) continuance must state a factual basis and must provide reasons why the party cannot present sufficient documentary evidence without a continuance.
 "* * * Civ.R. 56(F) requires the opposing party to submit affidavits with sufficient reasons stating why it cannot present by affidavit facts sufficient to justify its opposition. Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion. * * *."
Gates Mills Investment Co. v. Village of Pepper Pike (1978),59 Ohio App.2d 155, 169, 392 N.E.2d 1316, 1325.
A trial court enjoys broad discretion in determining whether to grant a Civ.R. 56(F) continuance. Clark County Solid WasteManagement Dist. v. Danis Clarkco Landfill Co. (1996), 109 Ohio App.3d 19,38, 671 N.E.2d 1034, 1047; Carlton v. Davisson
(1995), 104 Ohio App.3d 636, 648, 662 N.E.2d 1112, 1119; Howellv. Euclid Wickliffe Servs. (1994), 99 Ohio App.3d 680, 687,651 N.E.2d 1018, 1023. Accordingly, absent an abuse of discretion, a reviewing court will not disturb the trial court' decision. An abuse of discretion implies more than an error of law or judgment. Rather, to find an abuse of discretion, the reviewing court must conclude that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181; Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. Furthermore, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 559 N.E.2d 1301 (citing Buckles v.Buckles (1988), 46 Ohio App.3d 102, 546 N.E.2d 950).
In its entry denying appellant's motion for continuance, the trial court noted that appellant failed to include an affidavit setting forth the reasons for requesting the continuance as Civ.R. 56(F) requires. The court further noted that appellant had ample time, approximately one year, to engage in the discovery process prior to the deadline for responding to appellee's motion for summary judgment. We find no abuse of discretion with the trial court's decision to grant appellant's motion for a continuance.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: ____________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Appellee also notes that appellant was not represented by counsel during the proceedings below. Rather, appellee notes, Lyle Lawrence, one of appellant's corporate officers, represented appellant. In Sheridan Mobile Village. Inc. V.Larsen (1992), 78 Ohio App.3d 203, 205, 604 N.E.2d 217, 218, this court recognized that "[u]nder Ohio law, a corporation can maintain litigation or appear in court only through an attorney admitted to the practice of law and may not do so through an officer of the corporation or some other appointed agent."
[2] Although appellant asserts that he objected to the materials, our review of the record reveals that the trial court correctly concluded that appellant failed to object to the propriety of the materials.
[3] R.C. 2329.02 provides:
 Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of court of common pleas of such county a certificate of judgment. * * *.