DENUNE, Appellant,

v.

CARTER–JONES LUMBER COMPANY, Appellee.

[Cite as *Denune v. Carter–Jones Lumber Co.* (2001), 144 Ohio App.3d 266.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 2001 CA 3.

Decided June 15, 2001.

*Terence L. Gallagher* and *Keith A. Kavinsky*, for appellant.

*John A. Daily* and *Richard T. Schnars*, for appellee.

FREDERICK N. YOUNG, Judge.

This case comes before this court on plaintiff–appellant Harry C. Denune's appeal of the trial court's decision overruling his motion for summary judgment.

This case originated in the United States District Court, Southern District of Ohio, case No. C2–92–1161, whereby a two-phase trial to the bench resulted in the court's finding Denune to have been liable in the amount of $831,559.11 to defendant–appellee Carter Jones Lumber Company ("Carter") for violations under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, Section 9601, Title 42, U.S. Code. Thereafter, Carter filed a judgment lien with the Clark County Court of Common Pleas relating to that judgment.

On April 14, 1999, Denune filed a declaratory judgment action in the Clark County Court of Common Pleas, case No. 99 CV–0284, requesting that Carter's judgment lien be declared void as a matter of law. The trial court granted Denune's motion on August 5, 1999.

Denune appealed the original action to the Sixth Circuit Court of Appeals. The appellate court remanded the case for a second trial on the issue of whether the corporate veil could be pierced and thus personal liability be imposed upon Denune for the judgment against Dixie Distributing Co. ("Dixie"), as he was Dixie's president and sole shareholder. On September 24, 1999, the trial court found that Dixie and Denune were jointly and severally liable, and entered a judgment against Denune and in favor of Carter in the amount of $2,217,490.28. On October 14, 1999, Carter received, via facsimile, a proposed agreed entry to

stay the execution of the judgment, along with a proposed letter of credit to secure payment in full of the amount of the judgment plus interest.

On October 7, 1999, Carter filed a certificate of judgment lien in the amount of $2,217,490.28 plus 6.06 percent interest with the Clark County Clerk's Office. After the parties negotiated the terms of the agreed entry and the letter of credit, the documents were approved by the trial court and filed on November 8, 1999.

Denune filed his complaint for declaratory relief in the Clark County Court of Common Pleas on July 21, 2000. The complaint requested that the trial court declare the October 7, 1999 judgment lien to be invalid. Denune filed a motion for summary judgment on October 26, 2000, arguing that no genuine issues of material fact existed, and he was thus entitled to judgment as a matter of law. Denune contended that he had been entitled to a stay of execution once the letter of credit had been approved. Additionally, he argued that the second judgment lien was invalid under the agreed entry because any collection activities by Carter were prohibited.

Carter filed a cross-motion for summary judgment on November 14, 2000, arguing that Carter had merely created a lien, but had not executed it, and thus no violation of the stay order had occurred. The trial court overruled Denune's motion for summary judgment on December 13, 2000, finding that Carter's judgment lien was valid and remained in effect. Furthermore, the trial court found that its decision had been dispositive of the issues in Denune's declaratory judgment action, thus terminating the action and rendering a final appealable order.

Denune now appeals the trial court's decision in favor of Carter, and asserts three assignments of error for our review.

## ASSIGNMENT I

"The filing of a judgment lien is an execution on judgment."

Denune argues that Carter's judgment lien, which created a hardship resulting from Denune's inability to convey or refinance his property, was invalid because it had been an "execution" on the judgment in violation of the agreed entry. Carter contends that the lien in this case was valid under *Tyler Refrigeration Equip. Co. v. Stonick* (1981), 3 Ohio App.3d 167, 3 OBR 192, 444 N.E.2d 43, which holds that the creation of a judgment lien does not constitute an execution or a levy upon a judgment.

It is well established in Ohio that "a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the

clerk of courts." *Std. Hardware & Supply Co. v. Bolen* (1996), 115 Ohio App.3d 579, 582, 685 N.E.2d 1264, 1266, citing *Tyler, supra,* at 169, 3 OBR at 193–194, 444 N.E.2d at 45–46.  See, also, *Wayne Bldg. & Loan Co. v. Yarborough* (1967), 11 Ohio St.2d 195, 196, 40 O.O.2d 182, 182–183, 228 N.E.2d 841, 843–844. Furthermore, the procedures used to enforce a judgment are separate and distinct from the filing of a certificate of judgment.  See, generally, *Feinstein v. Rogers* (1981), 2 Ohio App.3d 96, 97–98, 2 OBR 109, 110–112, 440 N.E.2d 1207, 1208–1210.  In general, liens may be enforced in several ways, *inter alia,* an R.C. 2323.07 foreclosure action or a writ of execution pursuant to R.C. Chapter 2329. *Id.*

In this case, a judgment lien was perfected by Carter against Denune to secure payment of the judgment owed to Carter.  However, there is no evidence in the record that Carter instituted any procedure to execute the lien.  We note that Denune did not submit any Civ.R. 56 evidence to the trial court that there was an action to collect the judgment.  In fact, there was a stay of execution filed in this case, which had effectively stayed the judgment against Denune for six months.

Accordingly, we agree with the trial court's conclusion that no genuine issue of material fact remained and that Denune failed to set forth specific facts demonstrating that the filing of the certificate of judgment was, in effect, an "execution" of that lien.

Denune's first assignment of error is overruled.

## ASSIGNMENT II

"The filing of an agreed entry, dictating that the sole and exclusive means for the collection of a judgment is a letter of credit, requires the removal from the property of the judgment debtor of any judgment liens filed by the judgment creditor."

Denune asserts that contract principles should invalidate the judgment lien, because it is contrary to that agreed upon by the parties in the agreed entry. Denune contends that the filing of a lien is in violation of the following portion of the parties' agreed entry:

"1.  Plaintiff is hereby barred from taking any action whatsoever to collect from Denune any portion of the judgments herein in favor of plaintiff and against Denune or to otherwise execute upon said judgment against Denune.

"2.  Except as otherwise provided herein, plaintiff's sole and exclusive means of collecting its judgment herein against Denune is under the terms and conditions set forth in the Letter of Credit."

In particular, Denune argues that if this court does not find that the lien is an execution on the judgment, it still falls under the definition of "any action whatsoever to collect," and thus invalidates the lien.

Based upon our decision in Denune's first assignment of error, we find that no action was taken to collect the judgment against him, and therefore no procedure for execution was instituted.

As such, Denune's second assignment of error is overruled.

## ASSIGNMENT III

"It is inequitable to allow a judgment creditor to receive the benefit of full security by a letter of credit while still maintaining a judgment lien that prevents the judgment debtor's unfettered use of his property."

Denune argues that it was inequitable and a breach of good faith to allow Carter to perfect a judgment lien while he was *"fully protected" by the letter of credit.* Carter responds that it had an obligation to protect itself and secure the judgment. Carter notes that Denune had not provided Carter with the *letter of credit until 4:30 p.m. on the last day of the ten–day grace period, and* that once it received the agreed entry, Carter had to carefully analyze the document. Due to the *large amount of money involved in the case, Carter* contends that the judgment was necessary in order to *protect itself.*

Our review of the record shows that the letter of credit was sent to Carter by Denune, via facsimile, on the last day of the grace period pursuant to Fed.R.Civ. Pro. 62(a). Although the judgment lien along with the letter of credit amounts to probably more *security than Carter really needs,* we cannot find that the trial court erred in allowing the filing of the judgment lien. The letter of credit did not permanently secure Denune's property, but instead secured Denune's property for only *a limited time* during which there was a good chance that the appeals process might not be completed.

Accordingly, we overrule Denune's third assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF, P.J., and GRADY, J., concur.