OPINION
{¶ 1} Defendant-appellant, Rose Pitello, appeals the decision of the Carroll County Common Pleas Court denying her motion to "quash" a judgment lien held by plaintiff-appellee, Scott Toot.
 {¶ 2} On September 10, 2004, appellee sued appellant in the Carroll County Common Pleas Court alleging that appellant had defaulted in her payments on an installment note. That case (case No. 04CVH23995) was ultimately resolved by an Agreed Judgment Entry filed on December 16, 2004. In the Agreed Judgment Entry, the trial court granted judgment in favor of appellee and against appellant in the amount of $22,010.34 plus interest at seven percent. The entry also provided that appellee would not "initiate any foreclosure, execution, garnishment or attachment" provided appellant paid appellee $300.00 per month. In order to secure the judgment, appellee filed with the Carroll County Clerk of Courts a certificate of judgment that same day.
 {¶ 3} Subsequently, on February 25, 2005, appellant filed a complaint for partition in the Carroll County Common Pleas Court (case No. 05CVH24170) seeking the judicial sale of real estate held jointly by herself and Barbara Toot. On May 24, 2005, appellee intervened in the partition action and filed an answer attaching the certificate of judgment. Specifically, in paragraph two of his answer, appellee stated:
 {¶ 4} "[Appellee] denies the allegations set forth at paragraph 3 of plaintiff's complaint, and instead asserts that he has an interest in the subject real estate by virtue of that certain Certificate of Judgment filed on December 16, 2004 and recorded at Carroll County Judgment Docket 12 Page 161, a photocopy of which Judgment Lien is attached hereto and incorporated herein by reference."
 {¶ 5} In both case Nos. 04CVH23995 and 05CVH24170, on July 15, 2005, appellant filed a motion to enforce judgment and "quash" appellee's judgment lien. The trial court denied the motion in both cases on August 11, 2005. The trial court found that appellee's act of creating or filing a judgment lien, following his obtaining a final consent judgment from appellant in case No. 04CVH23995, did not amount to the initiation of a "foreclosure, execution, garnishment, or attachment" on that judgment.
 {¶ 6} Appellant appealed. Lower case No. 04CVH23995 was assigned appellate case No. 05-CA-285. Lower case No. 05CVH24170 was assigned appellate case No. 05-CA-826. On September 29, 2005, this Court, on its own motion, dismissed case No. 05-CA-826 as being duplicative of the issues raised in case No. 05-CA-825.
 {¶ 7} Also on September 29, 2005, this Court noted that the judgment entry appealed from closes with the statement that the "case is continued for further proceedings in partition." This Court concluded that "it appears that the trial court has not yet entered final appealable orders as defined by R.C. 2505.02. It appears that the propriety of the August 11, 2005 judgment may be reviewed upon a conclusion of the partition proceedings." This Court granted the parties thirty days to file jurisdictional memoranda on the appealability of the August 11, 2005 judgment entry. On October 4, 2005, appellant filed a brief addressing the merits of the appeal, but not the jurisdictional issue. On October 24, 2005, appellee filed a merit brief as well, but also included a motion to dismiss for lack of a final appealable order. The motion to dismiss consists of two short paragraphs which basically only reiterates the content of this Court's September 29, 2005 entry, and contains no substantive argument or citations to caselaw.
 {¶ 8} Courts of Appeals in Ohio have subject matter jurisdiction only to the extent conferred by Article IV, Ohio Constitution. Section 3(B)(2), Article IV, Ohio Constitution, grants jurisdiction "as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." Normally, an order is not final and appealable unless it falls into one of the categories listed in R.C.2505.02(B).[1] See Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. R.C.2505.02(B) provides:
 {¶ 9} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 10} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 11} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 12} "(3) An order that vacates or sets aside a judgment or grants a new trial;
 {¶ 13} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:
 {¶ 14} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 {¶ 15} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 16} "(5) An order that determines that an action may or may not be maintained as a class action;
 {¶ 17} "(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54,2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43,2919.16, 3923.63, 3923.64, 4705.15, and 5111.018, and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02,2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code."
 {¶ 18} Turning to the statutory definition, on its face, the trial court's August 11, 2005 judgment entry does not implicate R.C. 2505.02(B)(3), (5), and (6). The order does not vacate or set aside a judgment or grant a new trial, and the case does not involve a class action or the constitutionality of tort reform.
 {¶ 19} Nor does the trial court's August 11, 2005 judgment entry fall within R.C. 2505.02(B)(4). R.C. 2505.02(A)(3) defines a provisional remedy as follows:
 {¶ 20} "`Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code."
 {¶ 21} Here, the underlying action is simply a complaint for partition and appellant's motion was a motion to "quash" a judgment lien. It does not involve a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or the suppression of evidence. It also does not involve a prima-facie showing of physical impairment for certain tort actions involving silica exposure, mixed dust exposure, and asbestos exposure (i.e., R.C. 2307.85, 2307.86, 2307.92, and 2307.93).
 {¶ 22} Turning to R.C. 2505.02(B)(1) (2), the trial court's August 11, 2005 judgment entry again does not seem to fit. Both subsections require that the order affect a substantial right. R.C. 2505.02(A)(1) defines a substantial right as follows:
 {¶ 23} "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
 {¶ 24} "An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. SinaiMed. Ctr. (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181 * * *."DeAscentis v. Margello, 10th Dist. No. 04AP-4, 2005-Ohio-1520, at ¶ 19.
 {¶ 25} In this case it does not appear that the trial court's August 11, 2005 decision affects a substantial right of appellant. It is well established in Ohio that "a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts." Std.Hardware Supply Co. v. Bolen (1996), 115 Ohio App.3d 579, 582,685 N.E.2d 1264, citing [Tyler Refrigeration Equip. Co. v.Stonick (1981), 3 Ohio App.3d 167, 169, 3 OBR 192,444 N.E.2d 43]. See, also, Wayne Bldg. Loan Co. v. Yarborough (1967),11 Ohio St.2d 195, 196, 40 O.O.2d 182, 228 N.E.2d 841.
 {¶ 26} "Furthermore, the procedures used to enforce a judgment are separate and distinct from the filing of a certificate of judgment. See, generally, Feinstein v. Rogers
(1981), 2 Ohio App.3d 96, 97-98, 2 OBR 109, 110-112,440 N.E.2d 1207, 1208-1210. In general, liens may be enforced in several ways, inter alia, an R.C. 2323.07 foreclosure action or a writ of execution pursuant to R.C. Chapter 2329. Id." Denune v.Carter-Jones Lumber Co. (2001), 144 Ohio App.3d 266, 268,759 N.E.2d 1289.
 {¶ 27} Here, the trial court's reasoning for denying appellant's motion to quash is as equally illustrative of why the order itself is not a final appealable order. The trial court found that appellee's act of creating or filing a judgment lien, following his obtaining a final consent judgment from appellant in lower case No. 04CVH23995, did not amount to the initiation of a "foreclosure, execution, garnishment, or attachment" on that judgment. It is not apparent yet that appellee is trying to enforce his judgment, but rather is merely filing a certificate of that judgment to protect that interest.
 {¶ 28} In sum, while appellee's act of filing the judgment lien with the trial court may involve a substantial right of appellant, it does not affect a substantial right of appellant.DeAscentis, supra. Therefore, the trial court's decision denying appellant's motion to "quash" the judgment lien held by appellee is not a final, appealable order. Consequently, we are without jurisdiction to review the merits of appellant's assignments of error.
 {¶ 29} For the foregoing reasons, the present appeal is dismissed due to the lack of a final, appealable order. This cause is remanded to the trial court for further proceedings according to law and consistent with this Court's opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] As an aside, the Ohio Supreme Court has held that "[a]n order overruling a motion to quash is not a final appealable order." Lantsberry v. Tilley Lamp Co. (1968) 14 Ohio St.2d 41,42, 43 O.O.2d 111, 236 N.E.2d 530. However, that case was decided more than thirty years prior to July 22, 1998 (the effective date of the current version of R.C. 2505.02 which defines final orders) and does not address the question of whether the appellant herein would be denied an effective remedy if forced to wait to appeal after the final judgment.