[Cite as *Doe v. Boland*, 2022-Ohio-503.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JANE DOE, et al.

    Appellees

    v.

DEAN BOLAND nka JOHN TAYLOR

    Appellant

C.A. No.    20CA011651

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    19CJ112596

DECISION AND JOURNAL ENTRY

Dated: February 22, 2022

TEODOSIO, Judge.

{¶1} Dean Boland aka Jack Boland nka John Taylor ("Mr. Taylor") appeals the order of the Lorain County Court of Common Pleas denying his motion to strike. We dismiss the attempted appeal for lack of jurisdiction.

I.

{¶2} In May 2019, a certificate of judgment from the United States District Court, Northern District of Ohio, was filed in the Lorain County Court of Common Pleas. The certification was for judgment in the amount of $300,000.00 and $43,214.11 in costs and attorney's fees in favor of plaintiffs "JANE DOE AND JANE ROE" and against "DEAN BOLAND NKA JACK BOLAND."

{¶3} In February 2020, the plaintiffs filed a motion for an order of garnishment of the personal earnings of the judgment debtor, and Mr. Taylor filed a request for a hearing on the creditor's right to garnish his earnings. Mr. Taylor further filed motions captioned "MOTION

FOR SUMMARY JUDGMENT AND TO DISMISS FOR LACK OF STANDING" and "MOTION TO STRIKE." The trial court denied both motions and set the matter for a garnishment hearing, which was stayed pending this appeal of the trial court's order denying Mr. Taylor's motion to strike.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO STRIKE THE DEFECTIVE JUDGMENT LIEN FOR ITS FAILURE TO COMPLY WITH R.C. 2329.02 AND RELATED REVISED CODE PROVISIONS.

{¶4} In his assignment of error, Mr. Taylor argues the trial court erred in denying his motion to strike. We must first determine, however, whether the order appealed from is a final, appealable order that this Court has jurisdiction to consider, as "[t]his Court has jurisdiction to hear appeals only from final judgments." *Peppeard v. Summit Cty.*, 9th Dist. Summit No. 25057, 2010-Ohio-2862, ¶ 9, citing Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Id.*

{¶5} R.C. 2505.02(B)(2) provides, in pertinent part: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *." "'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "[A]n order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.'" *Thomasson v. Thomasson*, 153 Ohio

St.3d 398, 2018-Ohio-2417, ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). Thus, in order to constitute a final, appealable order, Mr. Taylor must show that the order at issue affected a substantial right, and that he would not be able to effectively protect his substantial right without immediate review. *See id.* at ¶ 11.

{¶6} With regard to judgment liens and the certificate of judgment, R.C. 2329.02 provides, in pertinent part:

> Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof.

{¶7} "The law in Ohio is quite clear that when a certificate of judgment is filed with the office of the clerk of the court of common pleas, a lien is immediately created upon the lands of the judgment debtor." *Tyler Refrig. Equip. Co. v. Sonick*, 3 Ohio App.3d 167, 169 (9th Dist.1981); *see also* R.C. 2329.02. "The lien's existence is not predicated upon its execution, and a stay of execution will not postpone the lien's creation, nor destroy one already in existence." *Id.* "'The judgment becomes a lien from the moment that it is delivered and filed with the clerk, regardless of the time when it is docketed and indexed.'" *Id.*, quoting *Maddox v. Astro Invests.*, 45 Ohio App.2d 203, 207 (2d Dist.1975). The existence of the lien is therefore not predicated upon any additional order of the court in which the certificate of judgment was filed.

{¶8} In the matter sub judice, a certificate of judgment from the United States District Court, Northern District of Ohio, was filed in the Lorain County Court of Common Pleas. A

motion to strike the certificate of judgment was denied by the trial court, and though a request for a garnishment hearing was made, the hearing has not yet gone forward. The appropriateness and amount of garnishment has therefore yet to be determined.

{¶9} Under similar circumstances, the Eighth District has concluded there exists no final, appealable order:

> From our review of this record, there is no final "order of garnishment" from which an appeal may be taken. When a certificate of judgment is filed with the clerk of the court of common pleas, a lien is immediately created upon the lands of the judgment debtor. *See* R.C. 2329.02; [*Tyler Refrig. Equip. Co. v. Stonick*, 3 Ohio App. 3d 167 (9th Dist.1981)]. In this case, the filing of a certificate of judgment created a lien in favor of the plaintiff. The Municipal Court overruled defendant's motion to strike the affidavit and order and essentially declined to set aside the plaintiff's lien. The record discloses that no other proceedings have been taken to enforce that lien. Under these circumstances, we do not believe that the court's order affected a substantial right of the defendant. R.C. 2505.02.

*Van Wie v. Kreppner*, 8th Dist. Cuyahoga No. 53614, 1988 WL 8405, *1 (Jan. 28, 1988).

{¶10} We find our sister Court's reasoning persuasive with regard to our present review. The filing of a certificate of judgment created a lien in favor of the plaintiff. No proceedings have yet been undertaken to enforce that lien. Under these circumstances, the trial court's order presented for our review has not affected a substantial right. Because the order at issue is not a final, appealable order, this Court lacks jurisdiction.

III.

{¶11} Mr. Taylor's attempted appeal is dismissed for lack of subject-matter jurisdiction.

Appeal Dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

JOHN TAYLOR, pro se, Appellant.

JONATHAN ROSENBAUM, Attorney at Law, for Appellees.