This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Laura Warner, appeals from the decision of the Lorain County Court of Common Pleas, granting summary judgment to appellee, Charles Kessler. We affirm.
On January 3, 2000, Mr. Kessler filed a complaint for foreclosure on property, located at 1111 Root Road in Lorain County, Ohio, owned by Ms. Warner. Foreclosure was sought to satisfy two liens Mr. Kessler had obtained against Ms. Warner. The first lien was recorded with the Lorain County Clerk of Courts on August 18, 1999, in the amount of $6,053.58, plus court courts and interest. The second lien was recorded with the Lorain County Clerk of Courts on December 8, 1999, in the amount of $5,000, plus interest.
On June 26, 2000, Mr. Kessler filed a motion for summary judgment pursuant to Civ.R. 56, along with an accompanying affidavit. On August 3, 2000, Ms. Warner filed a brief in opposition to the motion for summary judgment and attached an accompanying affidavit. A reply to the brief in opposition to plaintiff's motion for summary judgment was filed by Mr. Kessler on August 11, 2000. On December 18, 2000, the trial court granted Mr. Kessler's motion for summary judgment.
Ms. Warner filed a notice of appeal to this court on January 16, 2001. Ms. Warner also filed a motion to stay execution pending appeal. The motion was granted by the trial court on February 22, 2001. This appeal followed.
Ms. Warner asserts one assignment of error:
 The Trial Court Erred In Granting The Plaintiff/Appellee's Motion For Summary Judgment.
Ms. Warner asserts that the trial court erred when it granted Mr. Kessler's motion for summary judgment because, upon reviewing the conflicting affidavits submitted by the parties, a genuine issue of material fact remained for trial. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. "This court will reverse a summary judgment whenever it finds that reasonable minds could come to differing conclusions based on the evidence before the trial court." Tersigni v.Gen. Tire, Inc. (1993), 91 Ohio App.3d 757, 759.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. Specifically, Civ.R. 56(E) provides, in pertinant part: "When a motion for summary judgment is made and supported * * *, an adverse party may not rest upon the mere allegations or denials of [the party's] pleadings, but [the party's] response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."
Judgment liens exist only by statutory creation. From its earliest decisions, the Ohio Supreme Court recognized that the creation and validity of judgment liens are dependent upon statutory provisions.Kilbreth v. Diss (1873), 24 Ohio St. 379, 383-84. Pursuant to Ohio law, when a certificate of judgment is filed with the county's clerk of courts office, a lien is immediately created and becomes effective from the date of filing on all real estate owned by the judgment creditor in such county. R.C. 2329.02; see, also, Tyler Refrig. Equip. Co. v. Stonick
(1981), 3 Ohio App.3d 167, 169. "The lien applies specifically to all such property identified as belonging to the debtor at the time of the filing of the certificate and may be enforced as a specific lien pursuant to R.C. 2323.07 by a foreclosure action." Feinstein v. Rogers (1981),2 Ohio App.3d 96, 98.
In the case at bar, Mr. Kessler met his initial Dresher burden by demonstrating that he had two valid judgment liens against Ms. Warner. It then became incumbent upon Ms. Warner to show that the liens were not valid. In an effort to meet such burden, Ms. Warner presented an affidavit which accompanied her brief in opposition to the motion for summary judgment. In such affidavit, Ms. Warner stated that she had paid approximately $800 toward the $6,053.58 judgment lien. She also stated that a case was pending in the Cuyahoga County Court of Common Pleas, Domestic Relations Division as to the amount of child support owed to Ms. Warner by Mr. Kessler and other such issues relating to the parties' judgment entry of divorce. Additionally, not disputing that Mr. Kessler had a valid judgment upon which she owes $5,000, Ms. Warner stated that the court which granted the $5,000 judgment lien had retained jurisdiction to modify the judgment should liens giving rise to Mr. Kessler's judgment lien turn out to be invalid.
Viewing the evidence presented most strongly in favor of Ms. Warner, the Dresher burden was not met. By providing such statements in her affidavit, Ms. Warner does not contest the validity of the judgment liens, but rather, contends that she should be granted relief from the trial court's judgment because she has paid money on the $6,053.58 judgment lien and has potential setoffs from other legal actions. As Mr. Kessler's ability to commence a foreclosure action upon a judgment lien, not the amount obtained against Ms. Warner in the original judgment liens, is at issue before this court, we do not agree.
Having paid an $800 portion of the $6,053.58 judgment lien, claiming a potential setoff due to a case pending before the Domestic Relations Court, and stating that the court which entered the $5,000 judgment lien retained jurisdiction to modify such judgment if liens claimed by Mr. Kessler turn out to be invalid does not negate the fact that Mr. Kessler held two valid judgment liens against Ms. Warner. As Mr. Kessler held unsatisfied judgment liens against Ms. Warner's property, he had the right to commence a foreclosure action despite any payments made or potential setoffs which could be determined in other courts of law. See, generally, Sec. Fed. S. L. of Cleveland v. LaGorga (May 24, 1989), Medina App. No. 1782, unreported, at 3. At this time, as an alternative course of action, Ms. Warner still retains the statutory right to redeem her property from sale by depositing with the clerk of courts the amount of the judgment and costs anytime prior to confirmation of such sale.Id.; see, also, R.C. 2329.33.
As there is no genuine issue of material fact regarding the validity of the judgment liens, Mr. Kessler was entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment to Mr. Kessler. Accordingly, Ms. Warner's assignment of error is not well-taken and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER, SLABY, J., WHITMORE, J. CONCUR.