[Cite as *Marietta v. Verhovec*, 2024-Ohio-1184.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CITY OF MARIETTA

     Plaintiff-Appellee

-vs-

EDWARD VERHOVEC, SR., ET AL.,

     Defendants-Appellants

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case Nos. 2023 AP 07 0043 &
           2023 AP 07 0044

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2021 CF 02 0127 |
| JUDGMENT: | Affirmed in part, reversed in part, and remanded |
| DATE OF JUDGMENT ENTRY: | March 28, 2024 |
| APPEARANCES: | |

For Defendants-Appellants
Edward and Dorothy Verhovec

RICHARD A. NICODEMO
124 15TH Street, N.W.
Canton, Ohio 44703

For Plaintiff-Appellee
City of Marietta

DONALD A. MAUSAR
ROY J. SCHECHTER
965 Keynote Circle
Cleveland, Ohio 44131

For Defendant-Appellant
Cambridge and MacMillan Property Co.

WILLIAM E. WALKER, JR.
333 Erie Street, South #192
Massillon, Ohio 44648

For Defendant-Appellee
The Huntington National Bank

ERIC T. DEIGHTON
Carlisle, McNellie, Rini, Kramer &
Ulrich Co., L.P.A.
24755 Chagrin Blvd., Suite 200
Cleveland, Ohio 44122

For Defendant Tuscarawas
County Treasurer

ROBERT STEPHENSON, II
Tuscarawas County Prosecutor's Office
125 East High Avenue – Room 220
New Philadelphia, Ohio 44663

*Hoffman, J.*

**{¶1}**    Defendants-Appellants Edward and Dorothy Verhovec (hereinafter "the Verhovecs") and Cambridge and MacMillan Property Company (hereinafter "Cambridge") appeal the judgment of foreclosure entered by the Tuscarawas County Common Pleas Court.  Plaintiff-appellee is the City of Marietta, and Defendant-appellee is the Huntington National Bank.[1]

STATEMENT OF THE FACTS AND CASE

**{¶2}**    In 2012, Marietta received two judgment against the Verhovecs for frivolous conduct related to pursuing claims under Ohio's Public Records Act, R.C. 149.43.[2]  One judgment was against Edward Verhovec only, in the amount of $32,974.51.  A second judgment was rendered against both of the Verhovecs and their attorney, William Walker, jointly in the amount of $274,033.49 under R.C. 2323.51, and individually against William Walker under Civ. R. 11.[3] Certificates of judgment liens were filed as to both judgments in Tuscarawas County in 2014, and refiled in 2021.

**{¶3}**    On September 8, 2017, Marietta filed a motion for a judgment debtors' examination of the Verhovecs in Tuscarawas County as to its judgment for $274,033.49. The Tuscarawas County Common Pleas Court entered an order to appear against the Verhovecs on April 14, 2020.

**{¶4}**    Marietta filed the instant action seeking to foreclose on property owned by the Verhovecs in Tuscarawas County.  In addition to the Verhovecs' personal residence, the property includes several rental units.  The rent payments from these units are

---

[1] Defendant Tuscarawas County Treasurer has not filed a brief in the instant appeals.
[2] The facts underlying the judgments are set forth in *State ex rel. Verhovec v. Marietta*, 4th Dist. Washington No. 11CA29, 2013-Ohio-5414.
[3] Attorney Walker represents Cambridge in the instant appeal.

assigned to Cambridge pursuant to a recorded assignment of rents. Huntington and Cambridge both have recorded mortgages on the property filed for record on May 29, 2015, with Huntington's mortgage being recorded first on that date.

{¶5} Marietta filed a motion for summary judgment. The Verhovecs and Cambridge also filed motions for summary judgment. In a series of judgment entries, the trial court granted summary judgment in favor of Marietta. While the trial court found the judgment lien against Edward Verhovec in the amount of $32,974.51 was validly recorded, the trial court found the lien was dormant, and ceased to operate as of June 6, 2019. The trial court found Marietta's judgment lien in the amount of $274,033.49 was not dormant due to the 2017 debtors' examination, and such lien was first in priority over Huntington and Cambridge. The trial court found as a consensual lien, the payment of Huntington's mortgage would come from the Verhovecs' homestead exemption. In the judgment of foreclosure, the trial court ordered Cambridge's interest, claim, or lien transferred to the proceeds of the sale of the property after the payment of costs of the action, real estate taxes, the amount due Marietta on its first lien, and the amount due Huntington on its mortgage. The trial court also held any purchaser at judicial sale will take title to the property subject to the assignment of rents in favor of Cambridge.

{¶6} In the "Order" section of its judgment of foreclosure, the trial court ordered the proceeds of sale distributed as follows after the payment of costs and taxes: the Verhovecs' homestead exemption shall be set aside, after which payment shall be made to Marietta in the amount $274,033.49 plus interest, and payment shall be made to Huntington in the amount of $134,835.85 plus interest from the Verhovecs' homestead exemption. Any balance was ordered to be held pending further order of the trial court.

**{¶7}** It is from the June 30, 2023 judgment of the trial court the Verhovecs prosecute their appeal (Case No. 2023 AP 07 0043), assigning as error:

I. THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF-APPELLEE CITY OF MARIETTA AND DENIED THE CROSS-MOTION FOR SUMMARY JUDGMENT OF VERHOVECS.

II. THE TRIAL COURT ERRED IN ITS JUDGMENT ENTRY OF JUNE 30, 2023, WHEREBY IT ORDERED THAT THE VERHOVECS' EXEMPTION BE SET ASIDE FOR THE PAYMENT OF HUNTINGTON'S MORTGAGE.

**{¶8}** It is from the June 30, 2023 judgment of the trial court Cambridge prosecutes its appeal (Case No. 2023 AP 07 0044), assigning as error:

I. THE TRIAL COURT FAILED TO ACKNOWLEDGE IN THE SPECIFIC LANGUAGE GRANTING FORECLOSURE THAT CAMBRIDGE AND MACMILLAN COMPANY HAS A RECORDED MORTGAGE ON THE PROPERTY.

II. THE TRIAL COURT FAILED TO ACKNOWLEDGE IN THE SPECIFIC LANGUAGE GRANTING FORECLOSURE THAT CAMBRIDGE AND MACMILLAN COMPANY HAS A FINAL JUDGMENT ENTITLING IT TO THE RENTAL INCOME WHICH WAS UNCONTESTED AND DECIDED

IN *CAMBRIDGE AND MACMILLAN PROPERTIES V. CITY OF MARIETTA,* CASE NO. 2019 CV 09 0609 (C.P.CT., DATED 11 19 2019) (JUDGE O'FARRELL).

III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF MARIETTA BECAUSE MARIETTA WAS PRECLUDED FROM SEEKING FORECLOSURE AFTER MARIETTA'S COUNSEL PERSONALLY REPRESENTED VERHOVECS DID NOT HAVE SUFFICIENT ASSETS TO SATISFY MARIETTA'S JUDGMENT IN THE CREDITORS' BILL ACTION WHICH WAS FILED IN THE COMMON PLEAS COURT OF WASHINGTON COUNTY, OHIO.

IV. THE TRIAL COURT ERRED BY GRANTING JUDGMENT IN FAVOR OF MARIETTA WHEN MARIETTA FAILED TO FOLLOW THE STATUTORY REQUIREMENTS FOR PERFECTING A LIEN BY FAILING TO FILE ITS WASHINGTON COUNTY JUDGMENT LIEN WITH THE TUSCARAWAS COUNTY RECORDER'S OFFICE WHERE THE REAL PROPERTY WAS LOCATED.

**{¶9}** We first address the assignments of error raised by the Verhovecs.

I.

**{¶10}** In their first assignment of error, the Verhovecs argue the trial court erred in granting Marietta's motion for summary judgment, and denying their motion for summary judgment.

**{¶11}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

> Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶12}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has

no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

FAILURE TO ESTABLISH ELEMENTS OF FORECLOSURE

**{¶13}** The Verhovecs first argue the trial court erred in granting summary judgment in favor of Marietta because Marietta failed to present evidentiary-quality material to establish the elements of foreclosure as set forth by this Court in *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203. In *Wachovia*, this Court held:

> To sum up, in order to properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing:
>
> 1.) The movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument;
>
> 2.) if the movant is not the original mortgagee, the chain of assignments and transfers;
>
> 3.) all conditions precedent have been met;
>
> 4.) the mortgagor is in default; and
>
> 5.) the amount of principal and interest due.

**{¶14}** *Id.* at ¶¶ 40-45.

**{¶15}** *Wachovia* involved a foreclosure on a debt instrument, while the instant case involves a judgment lien foreclosure. We find the above-quoted elements inapplicable in a foreclosure action such as the instant case, which does not involve a mortgage and a note.

**{¶16}** Marietta filed its certificate of judgment against the Verhovecs in accordance with R.C. 2329.02, which provides in pertinent part:

> Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof.

**{¶17}** Pursuant to this statute, "a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts." *E.g.*, *Std. Hardware & Supply Co. v. Bolen*, 115 Ohio App.3d 579, 582, 685 N.E.2d 1264, 1266 (4th Dist. Hocking 1996).

**{¶18}** R.C. 2323.07 provides for foreclosure on a judgment lien:

When a mortgage is foreclosed or a specific lien enforced, a sale of the property, or a transfer of property pursuant to sections 323.28, 323.65 to 323.78, and 5721.19 of the Revised Code, shall be ordered by the court having jurisdiction or the county board of revision with jurisdiction pursuant to section 323.66 of the Revised Code.

**{¶19}** This Court has explained the procedure employed for foreclosure on a judgment lien:

R.C. 2329.02 is intended to create a specific lien upon the lands and tenements of the judgment debtor which lie within the county at the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of judgment. The lien applies specifically to all such property identified as belonging to the judgment debtor at the time of the filing of the certificate *and may be enforced as a specific lien pursuant to R.C. 2323.07 by a foreclosure action.*

**{¶20}** *Sheely v. Gindlesberger*, 5th Dist. Holmes No. 16CA008, 2017-Ohio-200, ¶ 21.

**{¶21}** R.C. 2323.07 recognizes the enforcement of a specific lien, as in the instant case, as a separate procedure from a mortgage foreclosure. The elements set forth by

this Court for a mortgage foreclosure in *Wachovia Bank, supra*, do not make sense in the context of a judgment lien foreclosure, where the debtor has not defaulted on a debt instrument.  We find the trial court did not err in failing to overrule Marietta's motion for summary judgment for failure to establish the elements of a mortgage foreclosure.

DORMANT JUDGMENT

**{¶22}**  The Verhovecs next argue Marietta's judgment in the amount of $32,974.51 was dormant pursuant to R.C. 2329.07(C):

> (C) If, in any county other than that in which a judgment was rendered, the judgment has become a lien by reason of the filing, in the office of the clerk of the court of common pleas of that county, of a certificate of the judgment as provided in sections 2329.02 and 2329.04 of the Revised Code, or there has been a renewal of the judgment, except as otherwise provided under division (D) of this section, the judgment shall cease to operate as a lien upon lands and tenements of the judgment debtor within that county, unless one of the following occurs within five years or, if the judgment is in favor of the state, within fifteen years:
>
> (1) An execution on a judgment is issued.
>
> (2) A certificate of the judgment is filed in that county.
>
> (3) An order of garnishment is issued or is continuing, or until the last garnishment payment is received by the clerk of courts or the final report and answer is filed by the garnishee, whichever is later.
>
> (4) A proceeding in aid of execution is commenced or is continuing.

**{¶23}** The Verhovecs argue Marietta's motion for summary judgment should have been denied and the entire action dismissed because Marietta took no steps to prevent the dormancy of its judgment lien in Case No 2014 CJ 06 0607, the judgment lien against Edward Verhovec in the amount of $32,974.51. However, the trial court found the judgment against Edward Verhovec to be dormant:

Upon review of the Court file, the Court FINDS that there is no indication that Plaintiff took any steps before January 28, 2021 to renew the judgment lien filed on June 6, 2014.

The Court FINDS, therefore, that the judgment issued by the Court of Common Pleas of Washington County against Edward Verhovec in Case No. 11 OT 197 in the amount of $32,974.51 ceased to operate as a lien upon the subject property on June 6, 2019.

The Court FINDS, therefore, that Plaintiff's judgment lien on the Second Judgment does not have priority over the liens of The Huntington National Bank and Cambridge and MacMillan Company.

The Court FINDS, therefore, that only Plaintiff's judgment lien on the First Judgment has priority over the liens of The Huntington National Bank and Cambridge and MacMillan Company.

**{¶24}** Judgment Entry, August 31, 2022, page 15.

**{¶25}** We find no error in the trial court's judgment. The judgment against Edward Verhovec only in the amount of $32,974.51, was not a part of the 2017 debtors'

examination, which Marietta filed only as to the $274,033.49 judgment.  Because Marietta took no action to prevent the judgment against Edward Verhovec only from going dormant, it ceased to operate as a lien against the property as of June 6, 2019.

FAILURE TO PERFECT LIEN WITH TUSCARAWAS COUNTY RECORDER

**{¶26}** The Verhovecs argue the instant foreclosure action should have been dismissed because Marietta failed to file the lien with the county recorder, as required by R.C. 2329.02, which provides in pertinent part:

No such judgment or decree shall be a lien upon any lands, whether or not situated within the county in which such judgment is rendered, *registered under sections 5309.02 to 5309.98, inclusive, and 5310.01 to 5310.21, inclusive, of the Revised Code,* until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record, stating the date and purport of the judgment, giving the number of the case, the full names of the parties, plaintiff and defendant, and the volume and page of the journal or record in which it is entered, or a certified copy of such judgment, stating such facts, is filed and noted in the office of the county recorder of the county in which the land is situated, and a memorial of the same is entered upon the register of the last certificate of title to the land to be affected (Emphasis added).

**{¶27}** When quoting the statute in their brief in support of their argument, the Verhovecs omitted the portion in italics above, which requires filing the judgment with the

county recorder only when the land is registered under sections R.C. 5309.02 to 5309.98, and 5310.01 to 5310.21.   The trial court found the parties presented no evidence to suggest the land is registered under these sections, and therefore the Verhovecs' argument Marietta was required to file the lien with the Tuscarawas County Recorder's Office was not well taken.  Judgment entry, May 19, 2022, page 14.  We find no error in the trial court's judgment.

### LACHES, WAIVER

{¶28} The Verhovecs argue the trial court erred in overruling their motion for summary judgment based on their defense of waiver and laches.

{¶29} Waiver is a voluntary relinquishment of a known right, and is generally applicable to all personal rights and privileges, whether contractual, statutory, or constitutional. *Glidden Co. v. Lumbermens Mut. Cas. Co.,* 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶49.  We find no evidence in the record Marietta waived its right to pursue foreclosure simply by waiting to pursue foreclosure as a remedy of last resort when it was unable to collect the judgment by other measures.

{¶30} "The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995).  For purposes of the doctrine of laches, prejudice exists when the plaintiff's delay causes the loss of evidence helpful to the defendant's case, or when the person against whom the claim is asserted has changed his position in reasonable reliance on the words or conduct

of the party who would enforce the claim. *E.g., U.S. Bank, Natl. Assn. v. Mitchell,* 2nd Dist. Montgomery No. 27984, 2018-Ohio-4887, ¶ 20.

**{¶31}** The trial court found the Verhovecs presented no evidence in support of their summary judgment motion suggesting Marietta's delay in bringing the foreclosure action caused the loss of evidence or caused them to change their position in reasonable reliance on the words or conduct of Marietta. We agree. The affidavit of Dorothy Verhovec, attached to the motion for summary judgment, averred she was the co-owner of the property, she was 78 years old, and the property serves as the sole residence of herself and her husband. Likewise, the affidavit of Edward Verhovec attached to the motion stated he was 77 years old, co-owned the property with Dorothy, and the property was the sole residence of himself and Dorothy. Nothing in the affidavits provided evidence of prejudice by the *delay* in pursuing foreclosure as a remedy, as opposed to prejudice from the foreclosure action itself. As such, we find the trial court did not err in finding the Verhovecs failed to present evidence in support of their defense of laches.

INSUFFICIENT PROPERTY VALUE TO PAY JUDGMENT

**{¶32}** The Verhovecs argue because of the value of the property and the homestead exemptions to which they are entitled under R.C. 2329.66, Marietta will receive no proceeds from the sale, and thus foreclosure is inequitable.

**{¶33}** This Court has previously rejected a similar argument:

> Appellants do not seem to take issue with the procedure in this matter, but rather that the property is not of sufficient value to pay the exemption in full.

Upon review and in light of the fact that Appellants provide no law to support their assertion that a party obtaining a judgment under R.C. § 2329.02 cannot levy execution upon property under R.C. § 2323.07, we find Appellants' assignment not well-taken.

**{¶34}** *Sheely v. Gindlesberger, supra,* at ¶¶ 24-25.

**{¶35}** The Verhovecs cite no legal authority for its proposition Marietta cannot foreclose on the property pursuant to R.C. 2923.07 simply because they believe the value of the property will be of insufficient value to pay Marietta. We find the trial court did not err in failing to grant summary judgment for the Verhovecs on this basis.

**{¶36}** In summary, we find the trial court did not err in granting summary judgment in favor of Marietta and denying the Verhovecs' motion for summary judgment. The first assignment of error is overruled.

II.

**{¶37}** In their second assignment of error, the Verhovecs argue the trial court erred in finding Huntington's mortgage should be paid from their homestead exemption. In support of their argument, they cite two cases, a 1918 appellate case from the Third District, and a 1910 Common Pleas Court decision. We find the cases relied upon by Appellant do not reflect the current state of Ohio law regarding the payment of a consensual mortgage.

**{¶38}** As this Court has previously recognized, the homestead exemption takes priority over a nonconsensual lien, such as Marietta's judgment lien in the instant case, but does not take priority over a consensual mortgage, such as Huntington's mortgage:

Appellant contends that he is entitled to a $5,000.00 homestead exemption pursuant to R.C. 2329.66(A)(1)(b) as priority over appellee's mortgage. Such section provides, in relevant part, as follows:

"Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:

(b) ... the person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence."

However, pursuant to R.C. 2329.661, certain claims are not exempted by R.C. 2329.66(A)(1) from execution, garnishment, attachment or sale. R.C. 2329.661 states in relevant part, that 2329.66(A)(1) does not:

"(1) Extend to a judgment rendered on a mortgage executed, or security interest given on real or personal property by a debtor or to a claim for less than four hundred dollars for manual work or labor;

(2) Impair the lien, by mortgage or otherwise, of the vendor for the purchase money of real or personal property that the debtor or a dependent of the debtor uses as a residence, the lien of a mechanic or other person, under a statute of this state, for materials furnished or labor performed in the erection of a dwelling house on real property, or a lien for the payment of taxes due on real property;

(3) Affect or invalidate any mortgage on any real property, or any lien created by such a mortgage.

(B) No promise, agreement, or contract shall be made or entered into that would waive the exemption laws of this state, and every promise, agreement, or contract insofar as it seeks to waive the exemption laws of this state is void."

It is clear from the plain language of R.C. 2329.661(A)(3) that the $5,000.00 statutory homestead exemption does not affect or invalidate the validity of appellant's mortgage. *See The Metropolitan Bank of Lima, Ohio v. Steven E. Turner, et al* (April 28, 1987), Auglaize App. No. 2-85-26, unreported and *The State Savings and Loan Co. v. Sam Parker, III, et al.* (Nov. 21, 1986), Lake App. No. 11-162, unreported. Thus, appellee's mortgage claim has priority over appellant's homestead exemption claim. Moreover, while appellant cites numerous cases in support of his contention that his homestead exemption under R.C. 2329.66 is not impaired by judicial liens, such cases are not applicable since a mortgage lien is not a judicial lien. A judicial lien, unlike a mortgage lien, is obtained involuntarily by judgment, levy, sequestration, or other legal or equitable process or proceeding as provided for in Bankruptcy Code Section 101. A mortgage lien is a consensual lien. Appellee's mortgage is not a judicial lien and, therefore, has priority over appellant's homestead exemption claim.

{¶39} *Markle v. Wayne Savings & Loan Co.,* 5th Dist. Ashland No. 98-COA-01274, 1999 WL 547443, *3.

{¶40} The trial court's finding Marietta's lien has priority over Huntington's mortgage has not been assigned as error on appeal. Pursuant to Ohio law, Huntington's and Cambridge's mortgage liens have priority over the Verhovecs' homestead exemption, but Marietta's judgment lien does not have priority over the Verhovecs' homestead exemption. Marietta's judgment lien takes priority over Huntington's and Cambridge's mortgage liens and the claims of the Verhovecs only to the extent the proceeds of the sale exceed the homestead exemption. Because Marietta's judgment has priority over Huntington's mortgage and Cambridge's mortgage, Marietta is entitled to the first proceeds of sale after satisfaction of the costs, taxes, and the payment of the homestead exemption from the set-aside. However, Huntington's and Cambridge's mortgage liens are consensual, and therefore have priority over the Verhovecs' claim to the homestead exemption set-aside. We find the trial court did not err in ordering the homestead exemption to be set aside before the payment of Marietta's judgment over which the homestead exemption has priority, but then using the set-aside to pay the Huntington and Cambridge mortgage liens before any potential payment to the Verhovecs from the set-aside.

{¶41} The second assignment of error is overruled.

{¶42} We next turn to the assignments of error raised by Cambridge on appeal.

I.

{¶43} In its first assignment of error, Cambridge argues the trial court erred in failing to recognize its mortgage in the order directing the payment of the proceeds of the foreclosure sale.

**{¶44}** In the judgment of foreclosure, the trial court made the following finding as to Cambridge's mortgage:

Defendants, Cambridge and McMillan Company asserted interests in said premises, as set forth in its answer herein.  The Court makes no finding as to the right, title, interest, claim or lien of said Defendant as set forth in their answer except that such right, title, interest claim or lien of said Defendant is hereby ordered transferred to the proceeds of the sale of said premises after the payment of the costs of this action, real estate taxes due and payable, and the amount due to the Plaintiff on its first lien and the amount due to the Defendant, The Huntington National Bank on its mortgage.

**{¶45}** However, in the order directing the payment of the proceeds, Cambridge was not included.  We find the record established Cambridge possessed a mortgage over the property, although the exact amount currently due on said mortgage was not established.  Marietta's complaint in the instant case alleged Cambridge may have an interest in the property due to a recorded mortgage in the amount of $150,000.  In its answer, Cambridge admitted this allegation.  The amended preliminary judicial report, filed January 13, 2022, noted a mortgage from the Verhovecs to Cambridge in the amount of $150,000, recorded May 29, 2015.  Because the record affirmatively establishes the existence of a mortgage from the Verhovecs to Cambridge, albeit not the exact amount due on said mortgage, we find the trial court erred in not including the Cambridge

mortgage in its order directing payment of the proceeds of the foreclosure sale.  We find the mortgage held by Cambridge should be paid as a consensual mortgage from the homestead exemption, second in priority to Huntington.

**{¶46}**  The first assignment of error is sustained.

## II.

**{¶47}**  In its second assignment of error, Cambridge argues the trial court erred in not mentioning the right of Cambridge to the rental income in the listed items in the last pages of the foreclosure decree.

**{¶48}**  In the foreclosure decree, the trial court stated:

> Any purchaser at a judicial sale in this matter will take title to the property in this matter subject to an assignment of rents in favor of Cambridge and MacMillan, referred to in Tuscarawas County Common Pleas Court case no. 2019 CV 09 0608.

**{¶49}**  In the "order" section of the judgment entry, just prior to the listing of the order in which the proceeds were to be paid, the trial court stated:

> The Plaintiff may file a praecipe, at which time the Clerk of Courts shall issue an Order of Sale to the Sheriff of this County ordering the Sheriff to sell the same at public sale, as upon execution and according to law, free and clear of all interests of all parties to this action, except subject to an assignment of rents in favor of Cambridge and MacMillan, referred to in

Tuscarawas County Common Pleas Court case no. 2019 CV 09 0608, after having the same properly appraised and advertised according to law.

{¶50} The listed items, in which Cambridge argues its rent assignment should have been referenced a third time, follow the directive, "The Sheriff, upon confirmation of sale, pay from the proceeds the following [.]" The rent assignment is not a part of the proceeds of the sale. We find the trial court's reference of the rent assignment twice in its judgment entry sufficient to protect Cambridge's interest and put any purchaser on notice of the rent assignment.

{¶51} The second assignment of error is overruled.

III.

{¶52} In its third assignment of error, Cambridge argues the trial court erred in denying its motion for summary judgment based on judicial estoppel. Cambridge argues by filing the foreclosure action, Marietta took a position inconsistent with the position it asserted in a creditor's bill action in Washington County. Cambridge argues in the creditor's bill action, Marietta asserted the Verhovecs had no assets to satisfy the judgment, and therefore cannot now argue the Verhovecs have real property subject to foreclosure available to satisfy the judgment.

{¶53} In order to apply the doctrine of judicial estoppel, the proponent must show his opponent "(1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Chrysler Group, L.L.C. v. Dixon*, 8th Dist. Cuyahoga No. 104628, 2017-Ohio-1161, ¶ 16.

{¶54} The position taken by Marietta in the creditor's bill action, as required by R.C. 2333.01, was the judgment debtor does not have *sufficient* personal or real property to satisfy the judgment.  We find the position taken by Marietta in the creditor's bill action related to the sufficiency of the Verhovecs' assets to satisfy the judgments against them to be different than its position in the instant case, which is the Verhovecs possessed real property subject to foreclosure to be paid toward satisfaction of the judgment.

{¶55} In addition, there was no final judgment in the creditor's bill action, and therefore Cambridge has not established the prior position of Marietta was accepted by the court.

{¶56} We find the trial court did not err in overruling Cambridge's motion for summary judgment.

{¶57} The third assignment of error is overruled.

IV.

{¶58} In its fourth assignment of error, Cambridge argues the trial court erred in granting Marietta's motion for summary judgment because Marietta failed to record the judgment lien with the county recorder as required by R.C. 2329.02.  For the reasons stated earlier in this Opinion in our discussion of the Verhovecs' first assignment of error, Marietta was not required to record its lien with the county recorder.

{¶59} The fourth assignment of error is overruled.

By: Hoffman, J.

Delaney, P.J.  and

Wise, J. concur